UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES B.,

                          Plaintiff,
         v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**20-CV-477F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             JUSTIN DAVID JONES, of Counsel
                             6000 North Bailey Avenue
                             Suite 1A
                             Amherst, New York  14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                        and
                             JUDITH COHEN
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza
                             Room 3904
                             New York, New York  10278

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On April 6, 2021, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 18). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on January 12, 2021 (Dkt. 15), and by Defendant on March 10, 2021 (Dkt. 16).

**BACKGROUND**

Plaintiff James B. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on July 10, 2017 for Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. ("the Act"), and for Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits"). Plaintiff alleges he became disabled on June 16, 2017, based on a stroke and memory loss. AR[2] at 191, 198, 223, 227. Plaintiff's applications initially were denied on October 18, 2017, AR at 99-100, and at Plaintiff's timely request, AR at 101, 127-28, on May 30, 2019, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Melissa Lin Jones ("the ALJ"). AR at 35-70 ("administrative hearing"). Appearing and testifying at the administrative hearing via video conferencing from Savannah, Georgia, were Plaintiff, represented by Garrett J. Strahl, Esq., and vocational expert Theresa Kopitzke ("the VE") testified by telephone.

On June 19, 2019, the ALJ denied Plaintiff's claim, AR at 13-34 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the

---

[2] References to "AR" are to the page numbers of the Administrative Record Defendant electronically filed on November 13, 2020 (Dkts. 13).

Appeals Council. AR at 188-89. On March 2, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby rendering the ALJ's decision the Commissioner's final determination on the claim. On April 22, 2020, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On January 12, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 15) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15-1) ("Plaintiff's Memorandum"). On March 10, 2021, Defendant moved for judgment on the pleadings (Dkt. 16) ("Defendant's Motion"), attaching the Memorandum of Law in Support of Commissioner's Motion for Judgment on the Pleadings (Dkt. 16-1) ("Defendant's Memorandum"). Filed on March 31, 2021 was Plaintiff's Reply Brief to Defendant's Motion for Judgment on the Pleadings (Dkt. 17) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

## **FACTS**[3]

Plaintiff James B. ("Plaintiff"), born May 3, 1981, was 36 years old when he initially applied for disability benefits on July 10, 2017, and 38 years old as of June 24, 2019, the date of the ALJ's decision. AR at 28, 191, 198, 223. Plaintiff lived with his mother in an apartment, AR at 43, 199, 226, 234, until August 2018 when Plaintiff moved to Georgia where he initially lived with his sister. AR at 44. Plaintiff's sister then relocated and Plaintiff moved into an apartment with his mother who also had relocated

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

to Georgia. *Id*. Plaintiff has two adult children and two grandchildren all living in New Jersey. AR at 41-42. Plaintiff attended school through the seventh or eighth grade[4] in regular classes, and has not completed any specialized job training, trade or vocational school. AR at 46, 228, 833, 838. Plaintiff has a driver's license but drives only for short distances because of poor vision and limited use of his dominant right arm caused by a stroke. AR at 45, 237. Plaintiff's past relevant work includes more than 15 years as a landscape laborer, fence installer, industrial truck operator, forklift operator, fastfood worker, security guard, and temporary agency worker. AR at 47-54, 65, 228, 244-49, 842.

It is undisputed that Plaintiff was diagnosed with high blood pressure in 2015, is obese, and on June 16, 2017, Plaintiff, after using cocaine and failing to take blood pressure medication, suffered a cerebral vascular accident ("stroke"), which left Plaintiff with diminished use of his dominant right hand, vision problems, and slurred speech. AR at 298-301, 310, 842. Plaintiff was admitted for treatment at Buffalo General Hospital ("BGH") where he underwent a neurology consultation and assessed with right-sided facial droop and weakness that progressively improved, right upper extremity weakness and right lower extremity weakness, AR at 310, 313, and Plaintiff was diagnosed with acute left MCA infarct (middle cerebral artery stroke), the cause of which was attributed to cocaine abuse. AR at 314. Plaintiff's condition improved and on June 21, 2017, Plaintiff was sufficiently stable and was transferred to BGH's Medical Rehabilitation Unit ("MRU") for acute rehabilitation including intensive therapy and medication management. AR at 408. Upon discharge from MRU on June 24, 2017,

---

[4] At various points in the record, the highest grade Plaintiff completed is reported both as seventh grade (AR at 46, 833), and eighth grade (AR at 228, 838, 842).

4

Plaintiff was assessed with cognitive, endurance, and strength deficits, with right upper extremity weakness during functional activities for which Plaintiff compensated well, and "excellent dynamic balance/endurance."  AR at 434.  Following his discharge from MRU, Plaintiff received home care from Visiting Nurses Association ("VNA") consisting of occupational therapy ("OT"), speech therapy, and an exercise program until August 10, 2017, at which time Plaintiff's condition was described as having made "good progress" with his therapies, but still had some communication and cognitive deficits.  AR at 527, 558-613.  After relocating to Georgia in August 2018, Plaintiff established primary care with East Georgia Regional Medical Center ("EGRMC") in Statesboro, Georgia on October 31, 2018.  AR at 848-962.

In connection with his disability benefits application, on September 19, 2017, Plaintiff underwent a consultative internal medicine examination by Hongbiao Liu, M.D. ("Dr. Liu"), AR at 829-32, and a psychiatric consultative examination by psychologist Susan Santarpia, Ph.D. ("Dr. Santarpia"), AR 833-37.  On October 18, 2017, state agency consultant J. Poss, M.D. ("Dr. Poss"), reviewed Plaintiff's medical records.  AR at 81-82.

**DISCUSSION**

1.      **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

substantial evidence supports *the ALJ's decision.*"  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59.

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity ("SGA"), 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).

The claimant bears the burden of proof for the first four steps of the sequential analysis, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through December 31, 2021, AR at 18, Plaintiff has not engaged in SGA since June 16, 2017, his alleged disability onset date ("DOD"), *id*., and has the severe impairments of cerebrovascular accident ("CVA"), and obesity, *id*. at 19, but that Plaintiff's alleged ankle complaint for which Plaintiff received no treatment was not a medically determinable impairment, *id*. and that Plaintiff's medically determinable medical impairments of adjustment disorder with depressed mood, and early-stage remission from cocaine dependence abuse do not cause more than minimal limitation to Plaintiff's ability to perform basic work activities and, thus, are non-severe, *id*. at 19-21, and that Plaintiff does not have an impairment or combination of impairments, including both severe and non-severe impairments as well as Plaintiff's obesity, that meets or medically equals the severity of a listed impairment. *Id*. at 21. The ALJ further found that despite his impairments, Plaintiff retains the RFC for light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that Plaintiff can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, never climb ladders, ropes or

scaffolds, never work at unprotected heights or around dangerous moving mechanical parts, cannot operate foot controls with his right leg, can only occasionally handle, finger, and feel with his right hand, and is limited to simple, routine, repetitive tasks. *Id*. at 21-26.  Plaintiff is unable to perform any PRW, AR at 27, but given his age, limited education, and ability to communicate in English, and regardless of any transferable skills, is able to perform jobs existing in the national economy including as a counter clerk, usher, and rental consultant.  AR at 27-28.   As such, the ALJ found Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision.  *Id*. at 28.

In support of his motion, Plaintiff argues the ALJ erred at step four of the five-step sequential analysis by failing to properly rely on opinion evidence, and instead substituting her own lay interpretation of the administrative record in formulating an RFC determination.  Plaintiff's Memorandum at 11-24.  In opposition, Defendant argues the ALJ's physical RFC determination is supported by substantial evidence, Defendant's Memorandum at 10-17.  In reply, Plaintiff repeats his arguments that the ALJ erred at step four.  Plaintiff's Reply at 1-4.  There is no merit to Plaintiff's arguments.

Preliminarily, the court observes Plaintiff challenges only the physical aspects of the ALJ's RFC determination; thus the court need not consider Plaintiff's nonexertional impairments including his adjustment disorder with depressed mood.  In particular, Plaintiff's argument that the ALJ improperly formulated the Plaintiff's RFC is based on the ALJ's finding that both Dr. Liu's consultative physical examination and opinion and Dr. Poss's non-examining review opinion were only partially persuasive, asserting such limited consideration establishes the ALJ largely relied on only raw medical evidence for

which the ALJ substituted her own lay opinion instead of developing the record by obtaining a function-by-function assessment of Plaintiff's physical RFC.  Plaintiff's Memorandum at 11-17.  In opposition, Defendant argues each aspect of Plaintiff's physical RFC as determined by the ALJ is supported by substantial evidence in the record, including consultative opinions based both on examinations and the review of Plaintiff's medical records.  Defendant's Memorandum at 10-17.

Here, the ALJ found that Plaintiff retains the RFC for light work, defined in 20 C.F.R. § 404.1567(b) as involving, as relevant,

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

In the instant case, Plaintiff particularly challenges the ALJ's determination that Plaintiff is capable of light work which has been construed as requiring standing or walking for up to six hours in an eight-hour workday.  Plaintiff's Memorandum at 13 (citing SSR 83-10,[6] *Titles II and XVI: Determining Capability To Do Other Work - - The Medical-Vocational Rules of Appendix 2, available at* 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983)).  The Second Circuit concurs that "light work requires the ability to . . . stand and walk for up to 6 hours a day . . . ." *Mancuso v. Astrue,* 361 F. App'x 176, 178 (2d Cir.2010).  Even moderate limitations to standing and walking have been found consistent with an RFC for light work.  *See Harrington v. Colvin*, 2015 WL 790756, at *

---

[6] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

10

13 (W.D.N.Y. Feb. 25, 2015) (citing cases). *See also Lewis v. Colvin*, 548 Fed.Appx. 675, 677 (2d Cir. 2013) (RFC for light work was supported by "medical assessment of mild limitations for prolonged sitting, standing, and walking . . . .").

      Significantly, here, Dr. Liu, upon physically examining Plaintiff on September 19, 2019, found Plaintiff had normal gait, and moderate difficulty walking on heels and toes because of difficulty balancing, but used no assistive devices. AR at 830. Dr. Liu opined Plaintiff "has mild to moderate limitation for prolonged walking, bending, kneeling," and fine manipulation with his right hand. *Id*. at 832. The ALJ gave Dr. Liu's opinion partial weight because it was rendered shortly after Plaintiff's stroke. AR at 26. Dr. Poss reviewed Plaintiff's medical evidence and found Plaintiff was able to stand or walk six hours in an eight-hour day. AR at 79. Dr. Poss also found Plaintiff with the RFC for light work with only postural, manipulative, and environmental limitations. AR at 82. The ALJ found Dr. Poss's opinion was partially persuasive because Dr. Poss did not physically examine Plaintiff. AR at 26. Even if the ALJ did not find the opinions of Drs. Liu and Poss only "partially persuasive," the ALJ does not indicate Plaintiff's RFC was less than that found by either Dr. Liu and Dr. Poss, both of which support the ALJ's determination that Plaintiff retains the RFC for light work, except for the noted postural, manipulative, and environmental limitations. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence); *see also Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995) (noting the opinions of state agency consultants, because they are highly qualified in Social Security disability evaluations, can constitute substantial evidence in support of an ALJ's decision).

Nor was the ALJ required to obtain a function-by-function assessment of Plaintiff's physical abilities as Plaintiff urges. Plaintiff's Memorandum at 13-15. Indeed, such function-by-function assessment is not necessary where the ALJ's analysis provides "an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence . . . ." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In the instant case, in addition to considering the limitations to Plaintiff ability to perform basic work activities based on the assessments of Drs. Liu and Poss, the ALJ also considered Plaintiff's own descriptions of his activities of daily living including that Plaintiff reported to both Dr. Liu and Dr. Santarpia that he cooked, cleaned, did laundry, occasionally shopped, dressed, bathed, and groomed himself, manage his finances, drove, socialized with family and friends, watched television, listened to music, exercised, and accessed social media through his cellular phone. AR at 830, 836. The ALJ also considered that Plaintiff reported traveling to New Jersey to visit relatives and to Albany, New York to assist his sister with relocating from Georgia. AR at 26. *See Green v. Comm'r of Soc. Sec.*, 2018 WL 2269797, at * 3 (W.D.N.Y. May 17, 2018) (it was proper for ALJ to determine the plaintiff's activities of daily living were inconsistent with a finding of disability). Not only did the ALJ find Plaintiff's own description of his activities of daily living to be inconsistent with his mother's description of such activities on a function report filed in connection with Plaintiff's disability benefits applications, *id*. (citing AR at 239-48), on which Plaintiff's mother repeatedly indicated Plaintiff had no use of his right arm, *id*. at 235-37, 239, but as the ALJ observed, AR at 26, the administrative record is devoid of any medical evidence supporting that Plaintiff

has more than mildly limited use of his right upper extremity or is unable to stand and walk for six hours in an eight-hour day.

In short, under the applicable deferential standard of review, there is no basis for rejecting the facts as found by the ALJ, which support that Plaintiff has the RFC for light work with some manipulative, postural, and environmental limitations, because "'a reasonable factfinder would *have to conclude otherwise.*'"  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 (quoting *Brault*, 683 F.3d at 448 (italics in original)).  Accordingly, the ALJ's finding that Plaintiff was not disabled for a continuous 12-month period commencing June 16, 2017 is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 15) is DENIED; Defendant's Motion (Dkt. 16) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        September 10th, 2021
              Buffalo, New York